**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**FORD MOTOR COMPANY,**

    **Plaintiff,**

v.                                                                             Case No.  8:09-cv-2137-T-30TBM

**O.E. WHEEL DISTRIBUTORS, LLC, O.E.**
**RACING, LLC, and JAMES E. MOORE,**

    **Defendants.**
_____/

## **ORDER**

      THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. #64) and Defendants/Counterclaimants' Memorandum in Opposition (Dkt. #71).  Defendants manufacture, and buy and sell, automotive products, primarily wheels and tires.  In its Amended Complaint, Plaintiff (Ford) alleges that many of the items sold by Defendants contained or impermissibly infringed upon Ford's marks.  Ford sought, and this Court issued, an *ex parte* seizure Order allowing Ford to seize and store the allegedly infringing products.

      This Court scheduled a hearing on the seizure Order, but the hearing was cancelled when Defendants stipulated to an Order permanently enjoining them from, among other things, selling the products that Ford seized.  Defendants state in their brief that they agreed to the entry of the permanent injunction because, after discussions with Ford, Ford agreed to voluntarily return all of Defendants' wheels which did not bear the alleged offending marks.  Defendants acknowledge that they promptly resumed selling those items.

In spite of Defendants' consent to the entry of the permanent injunction and in spite of Ford's admitted cooperation in returning the agreed upon items, Defendants have now filed a Counterclaim against Ford asserting two counts: one for wrongful seizure and a second for abusive process.

Plaintiff moves to dismiss the Counterclaim for failure to state claims upon which relief can be granted. The Court accepts, as it must, all well pleaded allegations as true. In doing so, the Court concludes that the issues raised in the Motion are more appropriately addressed in a motion for summary judgment after appropriate discovery. The Motion to Dismiss will therefore be denied. But it appears to the Court that the Counterclaim may well be a result of trial strategy only, and as such, may cause unnecessary delay and needlessly increase the costs of litigation.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion to Dismiss Defendants' Counterclaim (Dkt. #64) is DENIED.

2. Plaintiff shall answer the Counterclaim within twenty (20) days of the date of this Order.

3. Defendants and defense counsel shall govern themselves with due regard for Rule 11 of the Federal Rules of Civil Procedure.

**DONE** and **ORDERED** in Tampa, Florida on April 21, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2009\09-cv-2137.mtd 64.frm